

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,808

### EX PARTE JAMES BELL IV, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 55,837
### IN THE 27TH DISTRICT COURT FROM BELL COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted of felon in possession of a firearm and sentenced to two years' imprisonment. He did not appeal his conviction.

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because he failed to investigate the alleged prior felony conviction and learn that it was in fact a juvenile adjudication and was therefore not available as the predicate felony for this offense. TEX. FAM. CODE §51.13.

The trial court has determined that trial counsel's performance was deficient and that such deficient performance prejudiced Applicant. We agree. Relief is granted. The judgment in Cause No. 55,837 in the 27th District Court of Bell County is set aside, and Applicant is remanded to the custody of the Sheriff of Bell County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 23, 2012
Do not publish